**NELSON MULLINS RILEY & SCARBOROUGH LLP**
LAUREN A. DEEB (SBN 234143)
lauren.deeb@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:   424.221.7499

CRAIG N. KILLEN (*pro hac vice* to be submitted)
craig.killen@nelsonmullins.com
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone:  704.417.3127
Facsimile:   803.255.9831

Attorneys for Plaintiff
SUNENERGY1, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SUNENERGY1, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUN ENERGY CONSTRUCTION, a California corporation<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1: TRADEMARK INFRINGEMENT**<br>**2: FALSE DESIGNATION OF ORIGIN**<br>**3: CALIFORNIA TRADEMARK INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff SunEnergy1, LLC, by and through its undersigned attorneys, files this Complaint against Defendant Sun Energy Construction ("Defendant"), a California corporation, and hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff owns exclusive trademark rights in the mark "SUNENERGY1" in connection with services including, *inter alia*, construction, installation, and/or maintenance of solar photovoltaic (PV) systems.

2. As will be explained more fully below, Defendant is using various words, terms, names, symbols, devices and/or combinations thereof that are confusingly similar to Plaintiff's SUNENERGY1 mark for construction, installation, and/or maintenance of solar PV systems, in clear violation of Plaintiff's rights. The Defendant is thus taking a "free ride" on the commercial success of the SUNENERGY1 brand that Plaintiff has spent considerable effort and resources to build.

3. Through this action, Plaintiff combats the infringement of its valuable trademark.

## PARTIES

4. Plaintiff SunEnergy1, LLC is a limited liability company organized and existing under the laws of the State of North Carolina.

5. Defendant Sun Energy Construction is a corporation organized and existing under the laws of the State of California and having its principal and registered office at 9037 Arrow Route, Suite 100, Rancho Cucamonga, CA 91730.

6. Defendant operates as a solar contractor pursuant to California license no. C46 1043184. Classification C-46 defines a solar contractor as follows:

> A solar contractor installs, modifies, maintains, and repairs thermal and photovoltaic solar energy systems. A licensee classified in this section shall not undertake or perform building or construction

trades, crafts, or skills, except when required to install a thermal or photovoltaic solar energy system.

California Code of Regulations, Title 16, Division 8, Article 3.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because claims herein arise out of federal trademark laws as codified in 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) (*i.e.*, trademark infringement, false designation of origin, and unfair competition). This Court also has supplemental jurisdiction over Plaintiff's claims arising under common law or state law pursuant to 28 U.S.C. § 1367(a) because the claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has general personal jurisdiction over Defendant due to its residence and business activities in this judicial district. This Court has specific personal jurisdiction over Defendant due to the nature and quality of its actions toward the state in which this Court is located. The claims asserted herein arise out of and relate to such actions and this Court's exercise of specific personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

9. Venue in this judicial district is proper for these claims pursuant to 28 U.S.C. § 1391(b). As described herein, Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendant has extensive contacts with this judicial district relating to Plaintiff's claims. Defendant conducts regular and systematic business transactions in this judicial district, including direct sales to customers in this judicial district, which violate Plaintiff's intellectual property rights.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

A. <u>The SUNENERGY1 Trademark and Services</u>

10. Plaintiff is the exclusive owner of United States Trademark Registration No. 4,241,915 ("the '915 Registration") for the mark SUNENERGY1® for, *inter alia*, "construction, installation and maintenance of solar PV systems." The '915 Registration issued November 13, 2012. The '915 Registration is incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of the '915 Registration is attached hereto as Exhibit A.

11. The filing of the application that became the '915 Registration constitutes constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the services specified in the registration that predates any use of the infringing marks by Defendant.

12. Plaintiff has offered and continues to offer services under the SUNENERGY1 mark since at least October 2009. The SUNENERGY1 mark is used in all the customary ways, including in advertising of the services.

13. The SUNENERGY1 mark, as well as the goodwill arising therefrom, has never been abandoned.

14. Through extensive use of the SUNENERGY1 mark, Plaintiff has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. Plaintiff has built up and developed significant customer goodwill in its business.

15. Plaintiff has engaged in business development activities in the state of California and is likely to do so in the future.

B. Use of Confusingly Similar Marks by the Defendant

16. After discovering that the Defendant was using one or more words, terms, names, symbols, devices and/or combinations thereof that are confusingly similar to Plaintiff's SUNENERGY1 mark, Plaintiff, through counsel, sent a cease and desist letter to Defendant on December 21, 2021. The letter instructed Defendant to confirm by January 21, 2022 that *inter alia* all use of any mark that is

confusingly similar to Plaintiff's SUNENERGY1 mark had ceased. A copy of this cease and desist letter is attached as Exhibit B.

17. The cease and desist letter was sent to Defendant by Fedex. According to Fedex tracking information (Exhibit C), the cease and desist letter was delivered on December 22, 2021.

18. Defendant has not responded in any way to the December 21, 2021 cease and desist letter.

19. A subsequent inspection of the Defendant's website showed that Defendant is still infringing Plaintiff's SUNENERGY1 mark. For example, the web page https://www.sunenergyco.com/home (accessed March 14, 2022) prominently shows the following ("Defendant Logo"):



The similarities are apparent. Both marks prominently feature SUNENERGY as one word. The colors are essentially the same as the version of Plaintiff's mark in the '915 Registration, just reversed. Both marks feature a vertical element which is the number "1" or the like.

20. In addition, the website tab of the web page https://www.sunenergyco.com/home (accessed March 14, 2022) uses the number "1" after Sun Energy, as shown below (beside the tab of Plaintiff's home page):

The use of the number "1" in this manner, especially in light of Defendant's use of the Defendant Logo, further compounds damage to the Plaintiff.

21. Defendant's services are closely related, if not identical, to the services offered by Plaintiff under the SUNENERGY1 mark.

22. Defendant is not authorized by Plaintiff or anyone acting on Plaintiff's behalf to sell, offer for sale, or perform services bearing the SUNENERGY1 mark, or any variations thereof.

23. Defendant uses words, terms, names, symbols, devices and/or combinations thereof confusingly similar or identical to the SUNENERGY1 mark to confuse consumers and aid in the promotion and sales of its services.

24. Defendant's actions outlined above are likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the services are authorized by Plaintiff.

25. The likelihood of confusion, mistake, and deception brought about by Defendant's unauthorized use of the confusingly similar marks is causing irreparable harm to the goodwill symbolized by the SUNENERGY1 mark and the reputation for quality that said mark embodies.

26. Defendant's unauthorized use of confusingly similar marks began after Plaintiff legally established the existence and significant value of the SUNENERGY1 mark, including after Plaintiff's adoption and use of the SUNENERGY1 mark and after Plaintiff obtained the '915 Registration.

27. Defendant's infringing acts reflect adversely on Plaintiff, result in economic loss to Plaintiff including loss of sales of genuine services, damage the goodwill of the SUNENERGY1 brand, and thwart Plaintiff's honest efforts to promote its genuine services using the SUNENERGY1 mark.

## COUNT I

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

28. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 27 as though set forth fully herein.

29. The SUNENERGY1 mark is prominently used in customary ways in connection with authorized services, including in advertising of the services. Plaintiff continues to preserve and maintain its rights with respect to the SUNENERGY1 mark.

30. Defendant's actions to sell, offer for sale, and perform services using designations that are confusingly similar to the SUNENERGY1 mark as described herein are likely to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Defendant's services are genuine or authorized services of the Plaintiff.

31. The foregoing acts of Defendant constitute direct, contributory, and/or vicarious trademark infringement in violation of 15 U.S.C. § 1114.

32. Plaintiff has been damaged as a result of Defendant's infringement of the SUNENERGY1 mark. Plaintiff alleges, on information and belief, that Defendant's sale and distribution of its services have resulted in lost sales to Plaintiff, have reduced the business and profits of Plaintiff, and have injured the general reputation of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined during this action.

33. Plaintiff alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

34. Defendants acted intentionally and/or willfully in infringing upon the SUNENERGY1 mark through the sale, offering for sale, and distribution of its services, knowing that the SUNENERGY1 mark belonged to Plaintiff, that Defendant was in fact infringing, and that Defendant was not authorized to infringe upon the SUNENERGY1 mark through sale and distribution of its services.

35. The acts of direct, contributory, and/or vicarious trademark infringement committed by Defendant has caused, and will continue to cause,

Plaintiff irreparable harm unless they are enjoined by this Court. On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant with the Plaintiff.

## COUNT II

## FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

36. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 35 as though set forth fully herein.

37. Defendant's unauthorized use of words, symbols, slogans, color schemes, images, and designs that are confusingly similar to Plaintiff's SUNENERGY1 mark constitutes a wrongful and false representation to the consuming public that the services sold by Defendant originated from Plaintiff or somehow are authorized by or affiliated with Plaintiff.

38. Defendant's actions as described herein constitute violation of 15 U.S.C. §1125(a), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, and/or approval of the Defendant's services by Plaintiff. These acts amount to false designations of origin.

39. Plaintiff has been damaged as a result of Defendant's actions described herein. Plaintiff alleges, on information and belief, that Defendant's infringing actions have resulted in lost sales to Plaintiff, have reduced the business and profits of Plaintiff, and have injured the general reputation and goodwill of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined during this action.

40. Plaintiff alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

41. Defendant acted intentionally and/or willfully in infringing upon the SUNENERGY1 mark, knowing that the SUNENERGY1 mark belonged to Plaintiff and that Defendant was not authorized to use the SUNENERGY1 mark.

42. Defendant's acts of violating 15 U.S.C. § 1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court. Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or its services with the Plaintiff.

## COUNT III

## CALIFORNIA TRADEMARK INFRINGEMENT

## (VIOLATION OF CAL. BUS. & PROF. CODE §§ 14200, *ET SEQ.*)

43. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 42 as though set forth fully herein.

44. Plaintiff owns registered and common law rights in its SUNENERGY1 mark.

45. Defendant is using one or more marks that are identical or nearly identical to Plaintiff's SUNENERGY1 mark without the consent of Plaintiff in connection with services that are identical or closely related to those of Plaintiff.

46. Defendant's infringement of Plaintiff's SUNENERGY1 mark is likely to cause consumer confusion in violation of California Business & Professions Code section 14200 *et seq*.

47. Defendant has infringed Plaintiff's SUNENERGY1 mark with knowledge and intent to cause confusion and/or mistake.

48. Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Plaintiff for which California law allows the imposition of exemplary damages.

49. Pursuant to California Business & Professions Code section 14250, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendant's profits and three times all damages suffered by Plaintiff by reason of Defendant's manufacture, use, display, or sale.

## TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully prays this Court grant it the following relief:

1. Adjudge that Defendant has infringed Plaintiff's SUNENERGY1 trademark in violation of Plaintiff's rights under 15 U.S.C. § 1114, common law, and/or California law;

2. Adjudge that Defendant has competed unfairly with Plaintiff in violation of 15 U.S.C. § 1125(a), common law, and/or California law;

3. Award Defendant's profits and Plaintiff's damages for Defendant's illegal acts under 15 U.S.C. § 1117, trebled, in an amount to be proven at trial;

4. Issue an injunction prohibiting Defendant and its agents, servants, employees, and representatives and all persons in active concert and participation with it, during the pendency of this action and permanently thereafter, from: engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the marketing, sale, distribution, and/or other dealing in any services under any mark that is confusingly similar to the SUNENERGY1 mark; using without permission any mark or other intellectual property right of Plaintiff; acting to infringe the SUNENERGY1 mark; falsely designating the origin of any service to be from Plaintiff; engaging in

unfair competition with Plaintiff; or acting in any other manner to derogate Plaintiff's intellectual property rights;

5. Issue an Order requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay Plaintiff its ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

6. Issue an Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

7. Pursuant to 15 U.S.C. § 1118, issue an Order requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, marketing materials, and other material in their possession, custody, or control bearing any mark that is confusingly similar to the SUNENERGY1 mark;

8. Award treble damages and punitive damages;

9. Award Plaintiff's reasonable attorneys' fees;

10. Award all costs of suit;

11. Award prejudgment interest and post-judgment interest in the maximum amount allowed under the law; and

12. Award such other and further relief as the Court may deem just and equitable.

Dated: April 8, 2022  NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Lauren A. Deeb*
Lauren A. Deeb

Attorneys for Plaintiff
SUNENERGY1, LLC

# Exhibit A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,241,915**
**Registered Nov. 13, 2012**

**Int. Cls.: 37 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**



SUNENERGY1, LLC (NORTH CAROLINA LIMITED LIABILITY COMPANY)
192 RACEWAY DRIVE
MOORESVILLE, NC 28117

FOR: CONSTRUCTION, INSTALLATION AND MAINTENANCE OF SOLAR PV SYSTEMS; INSTALLATION AND MAINTENANCE OF LED LIGHTING SYSTEMS; INSTALLATION OF ROOFING SYSTEMS, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 10-0-2009; IN COMMERCE 1-14-2010.

FOR: DESIGN OF SOLAR PV SYSTEMS; DESIGN OF LED LIGHTING SYSTEMS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-0-2009; IN COMMERCE 1-14-2010.

THE MARK CONSISTS OF AN ILLUSTRATION OF THE SUN AND CLOUDLESS SKY IN THE COLORS BLUE AND ORANGE ABOVE THE STYLIZED WORDING "SUNENERGY1". THE WORD "SUN" AND THE NUMBER "1" FEATURED IN THE COLOR BLUE AND THE WORD "ENERGY" FEATURED IN THE COLOR ORANGE.

THE COLOR(S) BLUE AND ORANGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 85-590,100, FILED 4-5-2012.

SUZANNE BLANE, EXAMINING ATTORNEY

*David J. Kappos*
Director of the United States Patent and Trademark Office

# Exhibit B



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Craig N. Killen
Registered Patent Attorney Admitted in SC and NC
T: (704) 417-3127  F: (803) 255-9103
craig.killen@nelsonmullins.com

301 South College Street / 23rd Floor
Charlotte, NC 28202-6041
T: 704.417.3000  F: 704.377.4814
nelsonmullins.com

December 21, 2021

**Via Federal Express**

President
Sun Energy Construction
9037 Arrow Route Suite 100
Rancho Cucamonga, CA 91730

    Re:    SUNENERGY1 – Trademark Infringement

Dear Sir or Madam:

Our client, SunEnergy1, LLC, is the owner of registered and common law rights in the mark SUNENERGY1. For example, our client owns U.S. Reg. No. 4,241,915 ("the '915 Registration") directed to a form of the mark. As you can see from the copy of the '915 Registration attached hereto, it *inter alia* recites services of "construction, installation and maintenance of solar PV systems." As described in more detail below, it has come to our attention that Sun Energy Construction (SEC) is using the mark for services identical, or at least closely related, to those offered by our client.

In particular, SEC is using a mark that is confusingly similar to our client's mark on at least the homepage of the website https://www.sunenergyco.com/home --



The registered version of our client's mark is:



CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

4854-7369-6775

President, Sun Energy Construction
December 21, 2021
Page 2

The similarities are apparent. Both marks prominently feature SUNENERGY as one word. The colors are essentially the same, just reversed. Both marks feature a vertical element which is the numeral "1" or the like.

In fact, the website tab of your homepage even uses the number one after "Sun Energy," further compounding the damage to our client's trademark rights. Below is a side-by-side screen shot showing the tab of your homepage and that of our client:



SEC's use of the mark is likely to cause confusion or mistake, or is likely to deceive the public, in violation of 15 U.S.C. §§ 1114 and 1125(a), and in violation of state trademark law.

Therefore, we demand that you immediately and permanently cease all use of any mark that is confusingly similar to SUNENERGY1 as discussed above, including:

1) On any website controlled by you or otherwise used to advertise SEC's business;
2) In connection with any other advertising of the services, including on social media (e.g., Facebook);
3) At your business location; and
4) You must transition to an alternative mark which is not merely a colorable imitation of SUNENERGY1. A minor variation of the mark is not acceptable.

Please confirm by **January 21, 2022** that the above actions have been taken.

This letter shall not be deemed to be a waiver of any rights or remedies that our client may have, all of which are expressly reserved.

Very truly yours,

*Craig N. Killen*

Craig N. Killen

CNK:nd
Enclosure

4854-7369-6775

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,241,915**  SUNENERGY1, LLC (NORTH CAROLINA LIMITED LIABILITY COMPANY)
192 RACEWAY DRIVE
**Registered Nov. 13, 2012**  MOORESVILLE, NC 28117

**Int. Cls.: 37 and 42**

FOR: CONSTRUCTION, INSTALLATION AND MAINTENANCE OF SOLAR PV SYSTEMS; INSTALLATION AND MAINTENANCE OF LED LIGHTING SYSTEMS; INSTALLATION OF ROOFING SYSTEMS, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

**SERVICE MARK**

FIRST USE 10-0-2009; IN COMMERCE 1-14-2010.

**PRINCIPAL REGISTER**

FOR: DESIGN OF SOLAR PV SYSTEMS; DESIGN OF LED LIGHTING SYSTEMS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-0-2009; IN COMMERCE 1-14-2010.

THE MARK CONSISTS OF AN ILLUSTRATION OF THE SUN AND CLOUDLESS SKY IN THE COLORS BLUE AND ORANGE ABOVE THE STYLIZED WORDING "SUNENERGY1". THE WORD "SUN" AND THE NUMBER "1" FEATURED IN THE COLOR BLUE AND THE WORD "ENERGY" FEATURED IN THE COLOR ORANGE.

THE COLOR(S) BLUE AND ORANGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 85-590,100, FILED 4-5-2012.

SUZANNE BLANE, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit C

January 18, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 287921712437

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Receptionist/Front Desk |
| **Signed for by:** | G.JENNIFER | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday | | RANCHO CUCAMONGA, CA, |
| | | **Delivery date:** | Dec 22, 2021 15:36 |

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 287921712437 | **Ship Date:** | Dec 21, 2021 |
| | | **Weight:** | 0.5 LB/0.23 KG |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| RANCHO CUCAMONGA, CA, US, | Winston-Salem, NC, US, |

**Reference**  054943.01501-NDIAMOND-

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx